United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| BELQIS HASSANI, "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00777 |
| MIGUEL VERGARA, *et al.*, "Respondents." | § | |
| | § | |
| | § | |

**ORDER**

Before the Court are Petitioner's "Petition for Writ of Habeas Corpus" ("Petition") (Dkt. No. 1), "Motion for Ex Parte Emergency Motion for Temporary Restraining Order" ("TRO") (Dkt. No. 4), and Respondents' "Motion for Summary Judgment and Response to Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order" ("MSJ") (Dkt. No. 7). For these reasons, Respondents' MSJ (Dkt. No. 7) is **DENIED.** Consequently, Petitioner's Petition (Dkt. No. 1) is **GRANTED**, and Petitioner's TRO (Dkt. No. 4) is **DENIED** as moot.

## I. BACKGROUND

Petitioner is a native and citizen of Afghanistan. Dkt. No. 7 at 1. On or around January 12, 2025, Petitioner entered the United States and has been detained ever since. *See* Dkt. No. 10 at 1. On July 18, 2025, Petitioner was ordered removed by an Immigration Judge. *Id.* Petitioner appealed that decision, but the Board of Immigration Appeals denied her appeal on January 14, 2026. *Id.* Accordingly, Petitioner became subject to an administratively final order of removal on January 14, 2026. *See* 8 C.F.R. § 1241.1(a). Petitioner remains detained at the El Valle Detention Facility located in Raymondville, Texas. Dkt. No. 1. at 2.

## II. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must show "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the

nonmoving party, who must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

In a petition for a writ of habeas corpus, the petitioner is challenging the legality of the restraint or imprisonment. *See* 28 U.S.C. § 2241. The burden is on the petitioner to show the confinement is unlawful. *See, e.g., Walker v. Johnston,* 312 U.S. 275, 286 (1941).

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

## III. DISCUSSION

When an alien has been ordered removed, 8 U.S.C. § 1231 ("§ 1231") requires the Attorney General to remove her from the United States within a period of 90 days. 8 U.S.C § 1231(a)(1). During this 90-day "removal period," the alien must be detained. 8 U.S.C. § 1231(a)(2).

If an alien has not been removed within the 90-day period, detention shifts from § 1231(a)(2) to § 1231(a)(6), under which the government "may" prolong detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). But § 1231(a)(6) does not give the government license to detain indefinitely. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court read a limit into such detention to a period "reasonably necessary to bring about [the] alien's removal from the United States." *Zadvydas,* 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699 (citations omitted). To facilitate "uniform administration in federal courts," the Supreme Court recognized a 6-month "presumptively reasonable period of detention." *Id.* at 701. If a petitioner seeks release from detention during the presumptively reasonable 6-month period, his claim is premature. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Here, the removal order became final on January 14, 2026. Dkt. No. 1 at 6. Because Petitioner has been detained for eight months following that final removal order, the 6-month period has lapsed, and her detention is no longer presumptively reasonable under *Zadvydas*.

Of course, this does not end the inquiry. Once detention is no longer presumptively reasonable, the alien must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Only after such a showing does the burden shift to the government, who must "respond with evidence sufficient to rebut that showing" or release the alien. *Id.*

Petitioner has met her burden here and Respondents have failed to rebut that showing. ICE states that removal to Afghanistan requires a travel letter from the Afghan government, which it requested on February 24, 2026. *See* Dkt. No. 7-3 at 3. But Respondents have provided no timeline for issuance of the travel letter. *See id.*

Respondents argue that Afghanistan may still issue the necessary documents and emphasize that ICE's efforts have not been denied. *See* Dkt. No. 7 at 5. But the possibility of issuance at some unspecified future date does not establish a significant likelihood of removal in the reasonably foreseeable future. Moreover, ICE is not pursuing removing Petitioner to a third country. *See* Dkt. No. 7-3 at 2.

Given Petitioner's continued detention, the absence of any timeline for obtaining the necessary travel documents, and the lack of efforts toward third-country removal, the Court finds that Petitioner has established that her removal is not significantly likely in the reasonably foreseeable future.

## IV. CONCLUSION

For these reasons, Respondents' MSJ (Dkt. No. 7) is **DENIED**. Consequently, Petitioner's Petition[1] (Dkt. No. 1) is **GRANTED**, and Petitioner's TRO (Dkt. No. 4) is **DENIED** as moot. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to supervision. The Clerk of Court is **ORDERED** to close this case.

---

[1] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), Dkt. No. 1 at 10. 28 U.S.C. § 2412(d)(1)(A). Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. White*, 65. F. 4th 782 (5th Cir. 2023), such relief is foreclosed.

Signed on this 22nd day of September 2026.

Rolando Olvera

United States District Judge